COZEN O'CONNOR
Melissa Brill (MB4374)
Abby Sher (AS3339)
45 Broadway
New York, New York 10006
Telephone: (212) 908-1257
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RMT, Inc.

                        Plaintiff,

vs.

GCUBE INSURANCE SERVICES, INC. AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SPECIFICALLY SYNDICATE NOS. 510, 2987, 2623, 623, 2121, 5000, 3000, 1084, 1183, 958, 609, 5151, 2003, 1200, 510, 4020, 33, 1036, 1969, 1861, 2623 AND 623, SUBSCRIBING TO CERTIFICATE NO. SO1003268

                        Defendants.

Case No. 13-CV-6436-RBK-JS

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

      Defendants GCube Insurance Services, Inc. ("GCube") and Certain Underwriters at Lloyd's, London, Specifically Syndicate Nos. 510, 2987, 2623, 623, 2121, 5000, 3000, 1084, 1183, 958, 609, 5151, 2003, 1200, 510, 4020, 33, 1036, 1969, 1861, 2623 AND 623, Subscribing to Certificate No. SO1003268 ("Certain Underwriters") (collectively, "Defendants"), by and through their attorneys, Cozen O'Connor, by way of Answer to First Amended Complaint states:

## INTRODUCTION

      1.    Defendants make no response to the introductory paragraph contained in the First Amended Complaint as it purports to summarize the allegations brought by Plaintiff.  To the extent a response is required, Defendants specifically deny that GCube admitted it did nothing to

investigate or resolve the claim for over a year after RMT states notice was provided. Defendants further deny that GCube ignored inquiries of the status of the claim and that GCube made burdensome information requests.  In addition, Defendants specifically deny that GCube acted with intentional and reckless disregard of its obligations to investigate and pay the claim. The remaining allegations contained in this paragraph represent conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## THE PARTIES

2.    Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

3.    Denied. The allegations contained in this paragraph relating to diversity represent conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.[1]

4.    Admitted in part, denied in part.  Defendants admit that GCube refers to itself as a Managing General Agent.  Defendants deny the allegations contained in this paragraph to the extent they represent conclusions of law with regard to whether GCube is as a Managing General Agent as that term is defined under a particular statute.

## JURISDICTION AND VENUE

5.    Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

---

[1] Defendants are in the process of obtaining all information relating to the domicile of the syndicates and Names subscribing to the policy and will amend the answer upon receipt of same.  Defendants will file a motion to dismiss for lack of subject matter jurisdiction to the extent that any of the syndicates or Names subscribing to the policy are domiciled in Wisconsin.

6.	Admitted in part, denied in part. Defendants admit that the Project Site identified in the Policy is located in New Jersey.  By way of further answer, Defendants state that the Policy was issued to Pilesgrove Solar, LLC in New York.  Additionally, the Policy is a written document that speaks for itself, and Plaintiff's attempts to characterize the written document are denied.  The remaining allegations contained in this paragraph represent conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7.	Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## **GENERAL ALLEGATIONS**

8.	Admitted in part, denied in part.  Defendants admit only that the Policy identified in Paragraph 8 was issued by Certain Underwriters. By way of further answer, Defendants state that the Policy is a written document that speaks for itself, and Plaintiff's attempts to characterize the written document are denied.

9.	Denied.  Defendants state that the Policy is a written document that speaks for itself, and Plaintiff's attempts to characterize the written document are denied.

10.	Denied.  Defendants state that the Policy is a written document that speaks for itself, and Plaintiff's attempts to characterize the written document are denied.

11.	Denied.  Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

12.	Denied.  Defendants state that the Policy is a written document that speaks for itself, and Plaintiff's attempts to characterize the written document are denied.  By way of further answer, the allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

13. Denied. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

14. Denied. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

15. Denied. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

16. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17. Admitted.

18. Denied. Defendants specifically deny that they acted recklessly or intentionally or violated any fiduciary obligations or fair claims processing requirements. GCube specifically denies that it owes any fiduciary obligations to RMT. By way of further answer, the allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### Defendants' Bad Faith Processing of RMT's Claim

19. Admitted.

20. Admitted in part, denied in part. Defendants admit only that RMT spoke with a representative of GCube in October 2011. The remaining allegations are denied as stated.

21. Admitted in part, denied in part. Defendants admit only that RMT submitted a Property Loss Notice on December 22, 2011. By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied. The remaining allegations are denied as stated.

22. Admitted in part, denied in part. Defendants admit only that on or about February 7, 2012, counsel for RMT provided supplemental information to Marsh regarding the Property loss claim. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph and they are, therefore, denied.

23. Denied. Defendants specifically deny that Mr. Cioni ignored the claim. By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied. The remaining allegations are denied as stated.

24. Denied.

25. Admitted in part, denied in part. Defendants admit only that GCube did not appear at the mediation. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph related to RMT's lawsuit, and they are, therefore, denied. By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.

26. Admitted in part, denied in part. Defendants admit only that James Papazis communicated with RMT in May 2013. By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied. The remaining allegations are denied as stated.

27. Admitted in part, denied in part. Defendants admit only that James Papazis corresponded with RMT on or about June 6, 2013. Defendants specifically deny that GCube stalled and delayed resolution of the claim, or that Mr. Papazis made burdensome and

unreasonable requests for information.  By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.  The remaining allegations are denied as stated.

28.     Admitted in part, denied in part.  Defendants admit only that they retained an expert.   By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.

29.     Denied.  The communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.

30.     Denied.  Defendants specifically deny that it did not act in good faith.  By way of further answer, Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph related to RMT's knowledge or assumptions, and they are, therefore, denied.  The remaining allegations are denied as stated.

31.     Denied.  The communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.  The remaining allegations are denied as stated.

32.     Admitted in part, denied in part. Defendants admit only that Mr. Papazis participated in a call with Scott Walton of Alliant Risk Management on or about October 4, 2013.  By way of further answer, the communications between RMT and GCube are set forth in written documents that speak for themselves, and Plaintiff's attempts to characterize the written document are denied.  The remaining allegations are denied as stated.

33. Denied as stated.

34. Admitted in part, denied in part.  Defendants admit only that they filed a complaint for declaratory judgment against RMT in the State of New York Supreme Court on or about October 16, 2013 seeking, in part, a declaration that RMT is not permitted to maintain a suit or action on the policy for the recovery of a claim. The remaining allegations are denied as stated.

## FIRST CLAIM FOR RELIEF
(Breach of Insurance Contract Against Underwriters)

35. Defendants repeat and re-allege each and every response to Paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. Admitted.

37. Denied.  The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.  The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF
(Estoppel Against Underwriters)

43. Defendants repeat and re-allege each and every response to Paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Admitted.

45. Admitted.

46. Denied.  The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further answer, Defendants deny the allegations in paragraph 46 to the extent they suggest that Underwriters did not properly investigate the claim or communicate with RMT.

47. Admitted in part, denied in part.  Defendants specifically deny that Underwriters unreasonably delayed in disclaiming coverage or communicating with RMT.  In addition, Defendants deny that GCube misrepresented the status and nature of its review of RMT's claims. Defendants admit only that GCube filed a lawsuit in New York seeking, in part, a declaration that RMT is not permitted to maintain a suit or action on the policy for the recovery of a claim. By way of further answer, the allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48. Denied. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations of this paragraph relating to RMT's expectations and reliance and those allegations are, therefore, denied. By way of further answer, the allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty by Defendants)

49. Defendants repeat and re-allege each and every response to Paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

51. Admitted.

52. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

53. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## FOURTH CLAIM FOR RELIEF
(Bad Faith Delay and Denial of Payment by Defendants)

54. Defendants repeat and re-allege each and every response to Paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

55. Admitted.

56. Admitted.

57. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

58. Admitted in part, denied in part. Defendants admit that they did not deny RMT's claim. Defendants specifically deny that they acted intentionally and with reckless indifference in regard to the claim.

59. Denied. The allegations contained in this paragraph represent conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint fail to state a claim or cause of action upon which relief may be granted.

LEGAL\18016767\2

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Venue is proper in the Supreme Court of the State of New York because a New York action pertaining to the same issues was first-filed and provides a forum for a more comprehensive resolution of the claims between the parties.

## FOURTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint are barred in whole or in part by the statute of limitations and by the limitations of actions contained in the policy of insurance issued by Certain Underwriters.

## FIFTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

RMT failed to serve and/or join all necessary and/or indispensable parties to this action.

## SEVENTH AFFIRMATIVE DEFENSE

Any loss suffered by RMT, which is hereby specifically denied, was caused solely by the conduct and/or fault of RMT and/or others for whom Defendants are not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants acted in good faith at all times relevant to this matter.

## NINTH AFFIRMATIVE DEFENSE

GCube does not owe any fiduciary duty to RMT.

## TENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint fail to state a claim upon which attorneys' fees can be awarded.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants fulfilled any and all duties they had with regard to this matter.

## TWELFTH AFFIRMATIVE DEFENSE

RMT did not comply with its obligations under the Policy issued by Certain Underwriters.

## THIRTEENTH AFFIRMATIVE DEFENSE

Insofar as RMT's claim is for property damage to 156 cables, which may constitute separate losses, RMT did not satisfy the $50,000 deductible for each and every loss.

**WHEREFORE**, Defendants GCube Insurance Services, Inc. ("GCube") and Certain Underwriters at Lloyd's, London, Specifically Syndicate Nos. 510, 2987, 2623, 623, 2121, 5000, 3000, 1084, 1183, 958, 609, 5151, 2003, 1200, 510, 4020, 33, 1036, 1969, 1861, 2623 AND 623, Subscribing to Certificate No. SO1003268 request that judgment be entered in their favor, dismissing the First Amended Complaint in its entirety and with prejudice, and that Defendants be awarded the costs of this action, reasonable attorneys' fees, and all other relief that this Court deems just and proper.

Respectfully submitted,

_____/s/_____
Melissa Brill (MB4374)
Abby Sher (AS3339)
COZEN O'CONNOR
45 Broadway
New York, New York 10006
Telephone: (212) 908-1257
*Attorneys for Defendants*

LEGAL\18016767\2